UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rose M. Singletary and Tabitha J. Robinson, | ) C/A: 2:12-cv-1800-DCN-BHH )  ) |
| Plaintiffs, | ) ) |
| vs. | ) **REPORT AND RECOMMENDATION** ) |
| Housing Authority of the City of Charleston; City of Charleston Police Department; Marlin Caray Burwell; David Wilson Coker; and Joseph S. Mendelsohn, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiffs, Rose M. Singletary and Tabitha J. Robinson ("Plaintiffs"), proceeding *pro se* and *in forma pauperis*, bring this civil action against Defendants, alleging "illegal ejectment, retaliation, personal injury, obstruction of justice, li[bel] and slander." *See* ECF No. 2. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiffs' Complaint should be summarily dismissed, without prejudice and without issuance and service of process, for lack of subject matter jurisdiction.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404

U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.

The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiffs allege that, "on November 16, 2011, the plaintiffs were illegall[y] evicted from their home by the Housing Authority of the City of Charleston on the basis of retaliation for the toxic mold that grew in the unit for over a year without being treated." Complaint, III. Statement of Claim, p. 1, ECF No. 1, p. 3. Plaintiffs allege that they informed the Housing Authority (whom Plaintiffs refer to in their Complaint as the "CHA"), in writing, about the mold, but the Housing Authority ("CHA") responded, in writing, that nothing would be done to treat the mold. Plaintiffs allege that the mold "led to severe health problems for both plaintiffs." Plaintiffs allege that, when they were evicted on November 16, 2011, "all of their belongings were disposed of even though Magistrate David Wilson Coker did not have jurisdiction over the case." *Id.*

Plaintiffs allege that, on June 29, 2010, Marlin Caray Burwell (whom Plaintiffs identify as "CHA Manager," *see* Complaint, II. Parties, ECF No. 1, p. 2) "falsely entered the unit on the basis of checking for mold." Complaint, III. Statement of Claim, continued, ECF No. 1, p. 4. Plaintiffs appear to allege that they had informed the CHA a year earlier, via certified mail, of the existence of the mold. Plaintiffs allege that Burwell "attacked the Plaintiff Rose M. Singletary, who later called 911 on her cell as he left the unit." *Id.* Plaintiffs allege that Burwell "gave conflicting statements to CHA and the City of Charleston Police Department (CPD)." *Id.* Plaintiffs allege that "CPD created multiple versions of the same report, listed Burwell as a 'juvenile,' appointed Officer Clyde Johnson, who is a liaison for CHA as an investigator, a clear conflict of interest, that never spoke to the plaintiff." *Id.* Plaintiffs allege that:

> Plaintiff was summoned at her address on July 1, 2010 with a simple assault charge, but Officer W.S. Russell falsely stated in a booking report that the Plaintiff Rose M. Singletary was arrested. Before and after this incident, the

> Plaintiffs reported being stalked and harassed by Marlin Caray Burwell to the CPD, however, they refused to take a report. Thus when the Plaintiffs' application was denied for a restraining order, that was Judge Linen's reasoning. The simple assault case was overseen by Judge Joseph S. Mendelsohn. This, after the plaintiff filed a motion for the judge to recuse himself; he refused and proceeded to violate several judicial cannons that included refusing evidence that would have clearly led to a verdict of not guilty.

Complaint, III. Statement of Claim, continued, ECF No. 1, p. 5. As to the relief they seek, Plaintiffs allege that they "want to receive justice form this honorable court and to be awarded the maximum amount in monetary damages allowed." Complaint, IV. Relief, ECF No. 1, p. 6.

## DISCUSSION

The essence of Plaintiffs' Complaint is that Defendants Housing Authority of the City of Charleston and Marlin Caray Burwell engaged in illegal, retaliatory, and defamatory acts, obstructing justice in the action of ejectment which was brought against Plaintiffs in Charleston County Magistrate Court, resulting in Plaintiffs' wrongful eviction from their residence by Defendant Judge David Coker. Plaintiffs further claim that the Defendant City of Charleston Police Department wrongly arrested Plaintiff Singletary for assault and Defendant Judge Joseph Mendelsohn wrongly convicted her in Charleston Municipal Court, when it was Defendant Burwell who should have been arrested for stalking, harassing, and assaulting Plaintiffs.

To the extent that Plaintiffs challenge the integrity of the state courts' proceedings in which they were recently involved and allege that Plaintiffs' federal and state rights were violated by procedural or substantive errors procured by Defendants, this federal district court has no jurisdiction to entertain such claims. Plaintiffs' challenges to these final

judgments in state court are barred by the *Rooker-Feldman* Doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As to any challenges Plaintiff intends to make to still-pending state court civil or criminal proceedings, the *Younger* Abstention Doctrine prevents this federal court from considering them. *See Younger v. Harris*, 401 U.S. 37 (1971); *Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir.1997) (explaining that "to the extent that any portion of [the] complaint survived the jurisdictional bar of the *Rooker-Feldman* Doctrine, the district court correctly ruled that *Younger* abstention was warranted"). These doctrines may be raised by the Court *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th Cir.1997); *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976). The *Rooker-Feldman* Doctrine is jurisdictional. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir.2003).

To the extent that Plaintiffs claim they were injured by the alleged unlawful, tortious conduct of the parties and the erroneous proceedings and rulings made by the judges during Plaintiffs' state court actions in the Charleston County Magistrate's Court and the City of Charleston's Municipal Court, such state court rulings and judgments cannot be reviewed or set aside by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462. This prohibition on review of state court orders by federal district courts is implicated when to rule in favor of the plaintiff on her claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94 (2005); *Davani v. Va.*

5

*Dep't of Transport.*, 434 F.3d 712, 719–20 (4th Cir.2006); *Chapman v. South Carolina Dept. of Corrections*, 2012 WL 1895932, at *5 (D.S.C. May 1, 2012).

Plaintiffs' factual allegations invite a quintessential application of the *Rooker-Feldman* Doctrine barring cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 283. Plaintiffs allege that they lost their state court ejectment proceeding and, by their own admission, were evicted. Plaintiff Singletary also apparently was convicted of simple assault. Now, both expressly and by implication, Plaintiffs seek to overturn the state court judgments against them, "to receive justice form this honorable court and to be awarded the maximum amount in monetary damages allowed." Complaint, IV. Relief, ECF No. 1, p. 6. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). The doctrine preserves federalism by ensuring respect for the finality of state court judgments, and it preserves the separation of powers by ensuring that federal district courts exercise only original jurisdiction and that review of state court judgments is conducted only by the United States Supreme Court, as Congress has instructed. *See* 28 U.S.C. § 1257; *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000).

Plaintiffs do not present any general challenge to the constitutionality of a South Carolina procedural rule or statute, as is an exception to the *Rooker-Feldman* Doctrine.

6

*See Feldman*, 460 U.S. at 486. To the contrary, Plaintiffs contend that the alleged constitutional violations arose from the state courts' failure to enforce jurisdictional and evidentiary rules and statutes in the context of Plaintiffs' proceedings, or from the judges' erroneous rulings, or from Defendants' false accusations in the proceedings. Thus, this Court "lack[s] jurisdiction under the *Rooker-Feldman* Doctrine to consider [Plaintiffs'] complaint because [their] federal claims are inextricably intertwined with [their] state case." *See Neal*, 112 F.3d at 356. Plaintiffs' claims that Defendant Housing Authority of the City of Charleston and its manager, Defendant Marlin Caray Burwell, wrongly evicted Plaintiffs and caused personal injury to Plaintiffs by engaging in illegal, retaliatory, defamatory, and assaultive acts cannot be heard in this Court.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1)requires that the complaint provide "a short

plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Clearly, there is no basis for a finding of diversity jurisdiction over these parties and this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16. This Court has no diversity jurisdiction under 28 U.S.C. § 1332 in this case because Plaintiffs are citizens and residents of South

8

Carolina and, according to all of the information in Plaintiffs' Complaint and proposed service documents, Defendants are also citizens and residents of South Carolina. *See* Complaint, II. Parties, p. 2, ECF No. 1, p. 2.

It is also clear that the essential factual allegations contained in Plaintiff's Complaint are insufficient to show that this case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state any claims cognizable under this Court's federal question jurisdiction. Even if this Court were not barred by the *Rooker-Feldman* Doctrine from hearing Plaintiffs' claims of Defendants' illegal ejectment, personal injury, slander, libel, and malicious prosecution, such allegations fail to state cognizable federal claims pursuant to 42 U.S.C. §1983.[1]

Plaintiffs assert that Defendant City of Charleston Police Department wrongly arrested and prosecuted Plaintiff Singletary leading to her alleged unlawful conviction for simple assault. Because Plaintiffs' allege that "Plaintiff [Singletary] was summoned at her address on July 1, 2010 with a simple assault charge," the undersigned construes the Complaint to allege a claim for malicious prosecution as opposed to claim for false arrest. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996). A false arrest claim must fail where it is made "pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980).

563, 568 (4th Cir. 1998); *see also Brooks*, 85 F.3d at 181.  "While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009) (citations omitted).  *See also Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (in order for a plaintiff to state a malicious prosecution claim for seizure violative of the Fourth Amendment, the Fourth Circuit has required seizure of the plaintiff pursuant to legal process that was not supported by probable cause and termination of the criminal proceedings in plaintiff's favor).  Plaintiffs' Complaint fails to allege sufficient facts to show a lack of probable cause for Plaintiff Singletary's arrest and also fails to show that the criminal proceeding terminated in Plaintiff Singletary's favor by virtue of a not-guilty verdict or otherwise.  *See DiBlasio v. City of New York*, 102 F.3d 654, 657-658 (4th Cir. 1996).

To the extent that Plaintiffs allege that Defendant City of Charleston Police Department violated Plaintiffs' rights by failing to arrest Defendant Burwell for allegedly assaulting, stalking, harassing, or defaming Plaintiffs, Plaintiff's Complaint fails to state a cognizable § 1983 claim.[2]  Plaintiffs do not have a constitutional right to, or, in fact, any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person.  *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  "The benefit that a third party may receive from having someone

---

[2] An alleged act of defamation of character or injury to reputation is not actionable under § 1983.  *Paul v. Davis*, 424 U.S. 693 (1976).  While defamation is considered a tort actionable under state law in South Carolina, it is not considered a constitutional deprivation.  *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 233 (1991).

else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005)(referencing *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189 (1989)). *See Doe v. S.C. Dep't. of Soc. Servs.*, 597 F.3d 163, 170-71 (4th Cir. 2010). Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection, but an equal protection claim for inadequacy of police protection can be sustained only upon proof that the failure to investigate a crime or the non-arrest of a perpetrator was the result of discrimination against a protected class. *See McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989); *Watson v. Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988). Here, Plaintiffs make no allegation that Defendants failed to act because of Plaintiff's membership in any protected class.[3]

To the extent that Plaintiffs allege that Defendant Magistrate David Wilson Coker and Municipal Judge Joseph S. Mendelsohn violated Plaintiffs' rights in Plaintiffs' civil and criminal proceedings before them, Plaintiffs' Complaint fails to state a cognizable § 1983 claim. The doctrine of absolute judicial immunity precludes a § 1983 damages claim against these two Defendants. Insofar as Plaintiffs assert a claim for any unspecified injunctive relief against the two Defendants, the provisions of § 1983 itself preclude such a claim. "In any action brought against a judicial officer for an act or omission taken in

---

[3] Additionally, because there are no allegations that the Police Department or any of its officers violated Plaintiffs' constitutional rights pursuant to any custom or policy, or that the Police Department was deliberately indifferent to illegal conduct that violated Plaintiffs' civil rights, the Complaint fails to state a cognizable § 1983 claim against this Defendant. *See Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978).

such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, there is no allegation that a declaratory decree was violated or that declaratory relief was unavailable.

A judicial officer in the performance of his or her duties has absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). This immunity extends to judges of courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 435, 441-43 (3d Cir. 2000). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is not pierced by allegations of corruption or bad faith. *Bradley v. Fisher*, 80 U.S. 335, 247 (1871) ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"); *Burns v. Reed*, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles*, 502 U.S. at 11.

To the extent that Plaintiffs's Complaint can be liberally construed to raise any other state tort claims, the undersigned recommends that supplemental jurisdiction over them be declined. *See* 28 U.S.C. § 1367(c)(3) (permitting a federal court to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case, without prejudice and without issuance and service of process. Plaintiffs' attention is directed to the important notice on the next page.

August 23, 2012                                             s/Bruce Howe Hendricks
Charleston, South Carolina                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).